# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| v. | : | 3:18-CR-279 |
| | : | (JUDGE MARIANI) |
| MICHAEL RINALDI, | : | |
| Defendant. | : | |

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| v. | : | 3:18-CR-280 |
| | : | (JUDGE MARIANI) |
| MICHAEL RINALDI, | : | |
| Defendant. | : | |

## ORDER

**AND NOW, THIS 18TH DAY OF DECEMBER, 2019,** for the reasons set forth in the Court's accompanying Memorandum Opinion, **IT IS HEREBY ORDERED THAT** Defendant Michael Rinaldi's Supplemental Pre-Trial Motions (3:18-cr-279, Doc. 161; 3:18-cr-280, Doc. 165) are **GRANTED IN PART AND DENIED IN PART** as set forth in the Memorandum Opinion. Specifically,

1. Defendant's request that the Powell wiretaps and Rinaldi wiretaps be suppressed is **GRANTED**. The wiretaps themselves, as well as transcripts, duplicate tapes, work copies, and testimonial summaries of the intercepted

conversations are **SUPPRESSED** due to the Government's untimely sealing of those wiretaps.

2. Defendant's request that all evidence seized as a result of the recordings be suppressed is **DENIED**. Evidence connected through a chain of causation to one or both wiretaps tainted by improper sealing will not be suppressed on the basis of the Court's finding that the wiretaps at issue were untimely sealed.

3. The suppressed wiretaps *may* be admissible at trial for the limited purpose of impeaching the defendant should he choose to testify. The Government is expected to raise the issue at trial if Defendant testifies and the Government believes that one or more portions of the wiretap(s) constitute appropriate material for impeachment.

Robert D. Mariani
United States District Judge