# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : 3:18-CR-279 |
| | : (JUDGE MARIANI) |
| MICHAEL RINALDI, | : |
| | : |
| Defendant. | : |

## **MEMORANDUM OPINION**

Presently before the Court is Defendant's Motion for Reconsideration (Doc. 218).[1]

Motions for reconsideration may be filed in both civil and criminal cases. *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Specifically, a motion for reconsideration is generally permitted only if (1) there is an intervening change in

---

[1] Pursuant to M.D. Pa. Local Rule 7.10, "[a]ny motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned." Here, Defendant's motion and brief, filed by the Clerk of Court on January 16, 2020, and dated January 9, 2020 (*see* Doc. 218), is dated 22 days after the Court's Memorandum Opinion and Order filed December 18, 2019, thus making it untimely as a motion for reconsideration.
While district courts may "prescribe rules for the conduct of court business so long as those rules are consistent with the Acts of Congress and the Federal Rules of Procedure," *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 173 (3d Cir.1990), the court may only "depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment," *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 215 (3d Cir.2000). Here, in light of Defendant's *pro se* status and current incarceration and the relatively brief period of tardiness in filing, the Court finds that Rinaldi's untimeliness is excusable. Furthermore, neither party is unfairly prejudiced by this minimal extension to Rinaldi's time to file his motion for reconsideration. Indeed, the Government timely responded to the motion for reconsideration and did not raise the untimely nature of Defendant's motion in its opposition brief.

the controlling law; (2) new evidence becomes available that was not previously available at the time the Court issued its decision; or (3) to correct clear errors of law or fact or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Moreover, "motions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected to make before judgment." *United States v. Jasin*, 292 F.Supp.2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting *Reich v. Compton*, 834 F.Supp.2d 753, 755 (E.D. Pa. 1993) *rev'd in part and aff'd in part on other grounds*, 57 F.3d 270 (3d Cir. 1995)). Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F.Supp.2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002)).

In the present case, on December 18, 2019, this Court granted in part and denied in part Defendant Rinaldi's motion to suppress wiretap evidence. (*See* Docs. 209, 210). This Court granted Defendant's motion to suppress wiretaps of himself and co-defendant Steven Powell due to the Government's failure to timely seal those wiretaps, but explained that (1) "[e]vidence connected through a chain of causation to one or both wiretaps tainted by improper sealing will not be suppressed on the basis of the Court's finding that the wiretaps at issue were untimely sealed"; and (2) "[t]he suppressed wiretaps *may* be admissible at trial for the limited purpose of impeaching the defendant should he choose to testify. . . ." (Doc.

2

210) (emphasis in original). Defendant Rinaldi's motion for reconsideration does not challenge the Court's determination that the evidence connected through a chain of causation to the wiretaps will not be suppressed, but rather only seeks reconsideration of the Court's second statement; specifically, Rinaldi "takes issue" with the Court's "opin[ion] that if Rinaldi were to offer testimony[,] that the contents of the wiretaps can be used for impeachment purposes." (Doc. 218, at 1). The Government timely filed a brief in response to Rinaldi's motion for reconsideration.

Here, Defendant's motion does not assert an intervening change in controlling law or the availability of new evidence that was not previously available. Rather, Defendant's motion rests on "the need to correct a clear error of law or fact or to prevent manifest injustice," *Max's Seafood Cafe*, 176 F.3d at 677.

In relevant part, at the conclusion of this Court's Memorandum Opinion granting in part and denying in part Defendant's motion to suppress the wiretaps, the Court explained:

> ... despite this Court's ruling herein, the Court notes that this decision should not be interpreted as entirely and conclusively precluding the suppressed wiretaps at trial. Rather, as the Court noted in *Quintero*,
>
>> There is precedent . . . to support the admission of the content of the tapes for impeachment purposes even if the tapes were inadmissible on the merits of the government's case. In view of [Defendant] Gonzalez-Rivera's testimony on direct examination about his relationship with Memo, the tapes of the calls could have been used to attack Gonzalez-Rivera's credibility. Even though the two conversations should not have been admitted during the government's case-in-chief, unlawfully obtained evidence may be used to impeach the direct testimony a defendant gives at trial. *See Walder v. United States*, 347 U.S. 62, 65, 74 S.Ct. 354, 356, 98 L.Ed. 503 (1954). In *Walder*, the Supreme Court held that it was

3

> permissible for the government to use testimony regarding drugs obtained in an illegal search to impeach the testimony of the defendant that he had never possessed any narcotics.

*Quintero*, 38 F.3d at 1333; *see also, id.* at n.13.

(Doc. 209, at 47).

Rinaldi has failed to demonstrate any "clear error of law" in this Court's Memorandum Opinion or that "manifest injustice" must be prevented. Rinaldi seemingly acknowledges that Courts have allowed otherwise inadmissible testimony to be used for impeachment purposes, but asserts that, unlike in those cases, "[t]he instant case is a violation of the wiretapping statute", not the Fourth Amendment, and therefore the remedy for a violation of Title III is the exclusion of the wiretaps without any exception. (*See* Doc. 218, at 2-3).

Despite Defendant's argument, the Third Circuit in *Quintero* directly extended the holding of numerous Circuits that the Government may use unlawfully intercepted wiretaps for impeachment purposes,[2] to the Government's use of those wiretaps if they are untimely

---

[2] *See United States v. Baftiri*, 263 F.3d 856, 856-857 (8th Cir. 2001) (explaining that "every . . . court of appeals that has considered the question" of "whether the recording of a telephone conversation obtained by the government in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2515, could properly be used to impeach the defendant's testimony" has found in the Government's favor, and agreeing with the other Circuits) (citing First, Fifth, Seventh, and Ninth Circuits). *See also, United States v. Simels*, 654 F.3d 161, 169-170 (2d Cir. 2011) ("All of the circuits that have considered the issue have held that unlawfully obtained wiretap evidence may be used by the prosecution for impeachment in a criminal case.").

As the Eighth Circuit explained in *Baftiri*,
> Evidence seized in violation of the Fourth Amendment *or the federal wiretapping statute* cannot be used by the government in its case in chief. But, if the defendant chooses to testify, and swears to a sequence of events inconsistent with his own previously recorded statements, the Constitution does not require the government to leave the lie (or what it contends to be a lie) unchallenged. Such a result would allow a defendant to use the law as a means of effectuating perjury (assuming, what is of course always a question for the

sealed. In *Quintero*, there was no assertion that the wiretaps were otherwise unlawful, rather, the defendants asserted that the wiretaps should have been suppressed due to untimely sealing. As quoted in this Court's prior memorandum opinion, in *Quintero*, the Third Circuit agreed that certain wiretaps were untimely sealed, but nonetheless explained that those wiretaps "could have been used to attack" the defendant's credibility for impeachment purposes, relying on the Supreme Court's decision in *Walder v. United States*. *Quintero*, 38 F.3d at 1333. *See also*, *United States v. Curry*, 2015 WL 733274, at *11 (D.N.J. 2015) ("If [Defendant] had testified at trial, all of the wiretap evidence to which he was a party would have become admissible to cross-examine [Defendant], regardless of whether or not it was untimely sealed.") (citing *United States v. Quintero*, 38 F.3d 1317, 1333 (3d Cir.1994)).

Defendant asks this Court to ignore the Third Circuit's direction, while providing this Court with no case law to support his assertions that untimely sealed wiretaps may not be properly used for impeachment purposes. Nor has Rinaldi provided this Court with any substantive argument to demonstrate that the Court made a "clear error of law" or that a manifest injustice will result if the Government is permitted to use the suppressed wiretaps for the limited purpose of impeaching the defendant should he choose to testify at trial.

---

jury, that the previously recorded conversation, as opposed to the defendant's in-court testimony, represents the truth of the matter).
*Baftiri*, 263 F.3d at 857 (emphasis added).

5

For the foregoing reasons, the Court will deny Defendant's Motion for Reconsideration (Doc. 218). A separate Order follows.

Robert D. Mariani
United States District Judge